Milligan, J.,
delivered the opinion of the Court.
This is an application to the Chancery Court at Lawrenceburg, by one tenant in common, for the sale and distribution of the proceeds of a tract of land in Lawrence County, upon the ground that it cannot be partitioned without prejudice to the parties in interest.
The bill was filed in 1858, and signed by R. H. Rose, as solicitor for the complainant. The defendants, who are also tenants in common with the complainant, answer .and admit the allegations in the bill, and join in the prayer for a sale of the land. Proof was taken as required by the statute, and a sale regularly ordered by the Chancellor. In April, 1860, the Master reports, that, after advertising according to law, he proceeded to sell the lands in the former decree mentioned, and struck off and sold, the same to W. Y. Bently, at the sum of' $606, and took his note for the purchase money, due and payable at twelve months from date, with John W. Kearns as his security. This report was confirmed without exception, at the September Term, 1860.
No other steps appear to have been taken in the cause until a Special Term of the Chancery Court, at Lawrenceburg, which began its session on the 27th of *219 September, 1865, when, upon motion of the Master, judgment without notice, was taken against Kearns, the security — the decree reciting that Bently, the principal, was dead, and that no one could be procured to administer on his estate.
During the term, the defendant, Kearns, appeared and moved the Court to set aside the judgment pronounced against him, on the grounds that the Chancellor rendering it was incompetent to set in the cause, and that the Special Term at which the decree was pronounced, was not appointed and advertised in conformity to law.
The Chancellor overruled the motion, and the defendant appealed in error to this Court.
It is shown in the record, and admitted in the argument, that the Chancellor who rendered the judgment in question, had been of counsel for the complainant, and had prepared the bill and conducted the proceedings in Court, up until after the confirmation of the Master’s report of sale. And also, that the term of the Court at which the decree was rendered, was a Special Term, appointed out of term-time, and there had been no publication in a newspaper, as required by the Code, sec. 3941.
Under this state of facts, two questions are presented, both of which are of easy solution: 1st, Was the Chancellor authorized to set in this case — having been of counsel in it — and render judgment against the purchaser of the land, on the note for the purchase money? 2d, Was the appointment of a Special Term of the Court out of term-time, without publication, a valid appointment ?
1st, It is clear, under the settled practice in this State, *220 that a purchaser at a Master’s sale, made under a decree of a Court of Chancery, becomes a quasi party to the proceeding, and judgment by motion may be taken against him, without notice, for the purchase money: Deaderick, Adm’r, vs. Watkins, 8 Hum., 520.
It follows, therefore, that the complainant in this proceeding was /a quasi constructive party to the original cause in which the Chancellor presiding had been of counsel.
The Constitution of the State, as well as the Legislature, for the wisest reasons, have provided that: “No Judge of the Supreme or inferior courts, shall preside on the trial of any cause, in the event of which he may be interested; or, when either of the parties may be connected with him by affinity or consanguinity, within such degree as may be prescribed by law, or in which he may have been of counsel; or in which he may have presided in any inferior court, except by consent of all the parties:” Constitution, art. 6, sec. 11.
The Code, sec. 4098, in more direct and positive terms, if possible, declares: “No Judge of any court, Chancellor, or Justice of the Peace, shall set in any cause or proceedings in which he is interested, or has been of counsel, or where he is related to either party by consanguinity or affinity, within the sixth degree, computing by the civil law, except by consent of the parties interested of record, or put in writing, if the court is not a court of record.”
This provision of the Constitution, and the law enacted under it, are founded in the highest wisdom and the most enlightened public policy. They address them *221 selves directly to the frailties of our nature, and guard us against trusting our own hearts, where relationship or pre-conceived opinions are involved; and warn us of the fact, that Judges of every grade are but human, subject to be swayed by the same passions and prejudices that influence other men. Were the law otherwise, judicial officers would be exposed to a thousand surmises and suspicions, which, whether just or unjust, would weaken the power of the law itself; and tend to corrupt the channels of its impartial administration. The courts of all grades ought to set their faces against all violations of the Constitution, and none more imperatively demands their scrupulous regard than the one under consideration.
The judgment in this case was a mere nullity, and was pronounced without even the authority of the Chancellor to preside in the cause.
2d, The decision of this question is conclusive of the whole case; but we think it equally clear that the appointment of the Special Term, at which the decree in question was pronounced, was not in conformity to the requirements of the statute.
The Code provides, sec. 3940, that: “The Judge or Judges and Chancellors of any court, may appoint a Special Term of court, whenever it is necessary for the dispatch of business.”
And sec. 3941 declares: “The Special Term may be appointed either at the Regular Term by entry of record to that effect, designating the time, or in vacation, by publication in some newspaper in the circuit or district, and giving notice in writing to the Clerk of such Court, *222 at least thirty days before the commencement of the Special Term.”
Two modes of appointing Special Terms are clearly provided for in the statute; one at the Regular Term, by entry of record; and the other in vacation, by publication in some newspaper in the circuit or district, and notification in writing, to the Clerk, at least thirty days before the commencement of the Special Term.
In this case, neither of these modes were adopted. The Chancellor assumed to appoint the Special Term, in vacation, and to that effect the record shows he notified the Clerk; but it is admitted no publication was made.
The publication is quite as important as the notification of the Clerk, as it is through it suitors are informed of the sitting of the court; otherwise, they are presumed not to be prepared for the trial of their causes. The fact, as, it is argued, that no newspaper was published in the district, is no answer to the plain and positive requirements of the statute. They must be complied with in order to give the Judge or Chancellor holding a Special Term under his appointment, jurisdiction to hear and determine causes; and if it is impracticable to make the publication, as required by law, he has no alternative but to make the appointment at the Regular Term, of record.'
The decree of the Chancellor rendering judgment against the defendant, must be reversed, and the cause remanded.